| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO.   49D03 09 12 MI 0 5 9 5 6 8 |

| | |
|---|---|
| TRACEY JAFFRI, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) JURY DEMAND |
| | ) |
| SUPERIOR ROOFING SERVICES, INC. | ) |
| JEFFREY FOX, ROBERT GREER, and | ) |
| RICHARD SARGEANT | ) |
|     Defendants. | ) |

**FILED**

(194)   DEC 29 2009

Elizabeth A. White
CLERK OF THE MARION CIRCUIT COURT

## COMPLAINT AND JURY DEMAND

Now comes Plaintiff, Tracey Jaffri, by and through counsel, and for her Complaint against Defendants, states as follows:

### PARTIES AND JURISDICTION

1. At all times relevant hereto, Plaintiff, Tracey Jaffri, has resided at 10709 Hanover Ct., Indianapolis, IN 46231 and has been a citizen of the state of Indiana and the United States of America, is female and worked at Superior Roofing Services, Inc.

2. At all times relevant hereto, the Defendant, Superior Roofing Services, Inc. (hereinafter "Defendant Superior"), an Indiana Corporation licensed to do business in the State of Indiana, and was and is an employer within the meaning of state and federal statutes.

3. At all times relevant hereto, the Defendant, Robert Greer (hereinafter "Defendant Greer"), was an owner and agent of Defendant Superior. Further, Defendant Greer was and is a citizen of Indiana.

4. At all times relevant hereto, the Defendant, Jeffrey Fox (hereinafter "Defendant Fox"), was an owner and agent of Defendant Superior. Further, Defendant Greer was and is a citizen of Indiana.

5. At all times relevant hereto, the Defendant Richard Sargeant (hereinafter "Defendant Sargeant") was an agent of Defendant Superior. Further, Defendant Sargeant was and is a citizen of Indiana.

6. The Plaintiff was employed by Defendant Superior in Marion County, Indiana and the employment practices complained herein all occurred in Indiana.

7. The amount in controversy exceeds the minimum jurisdiction of this Court.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit A.

## FACTS RELEVANT TO ALL CLAIMS

9.  Plaintiff is female and was sexually harrassed and retaliated against while an employee of the Defendant Superior.

10. On or about May 24, 2006, The Plaintiff was hired by Defendant Superior through its Co-Owner Jeff Fox, as an Office Manager.

11. From the time of hiring, and even in the interview that occurred at Starbuck's, Defendant Fox explored the Plaintiff's troubled relationship with her now ex-husband and shared the things that he was going through with the mother of his children.

12. Defendant Fox pursued the Plaintiff in a sexual nature out of the sight of his employees and eventually the Plaintiff and owner Defendant Fox had a consenting sexual relationship that she believed was being kept private and in secret from the other employees.

13. Throughout the relationship between Plaintiff and Defendant Fox, he was secretly playing the role of Boss and lover and showed generousity to Plaintiff by providing financial and emotional support beyond the employee/employer relationship.

14. Approximately in December of 2006, Defendant Fox shared information regarding his sexual relationship with the Plaintiff with his Co-owner and other male employees.

15. During the time period of December 2006 and November 2008, Defendant Superior's President, Robert Greer and Co-owner started and continued to sexually harrass the Plaintiff.

16. Defendant Greer, while on the premises of Defendant Superior, would make unwelcomed advances toward the Plaintiff and would call her after working hours to continue said harrassment against her protest.

17. The Defendant Greer would make inappropriate sexual comments to the the Plaintiff at work and on her cell phone after working hours against her protest.

18. The Defendant Greer would offensively touch the Plaintiff by placing his hands inside her shirt and rubbing her bare breast against her protest.

19. The Defendant Greer would feel the Plaintiff's private body parts through her clothes, would massage her, stroke her hair, bump into her intentionally rubbing himself up against her and pinning her against the wall repeatedly against the Plaintiff's protest.

20. The Defendant Greer grabbed the Plaintiff pulled her into a room against her will and held and grinded her against a wall untill she was able to break free against her protest.

21. That sometime after the starting of harrassment from Defendant Greer and the acceptance of said harassment from Defedant Superior, Defendant Sargent started to harrass the Plaintiff.

22. Defendant Sargeant, while on the premises of Defendant Superior, would make unwelcomed advances toward the Plaintiff by offensively touching her, stroking her hair and bumping into her intentionally, rubbing himself up against the Plaintiff and making sexual moaning sounds.

23. Plaintiff complained of Defendant Greer's and Defendant Sargeant's actions to Defendant Superior's management.

24. Defendant Greer continually subjected Plaintiff to harmful and offensive touching. Defendant Greer made comments of a sexual nature, including, but not limited to, referring to the Plaintiff as "sexy" and asking her "what color are your panties."

25. Plaintiff complained of Defendant Greer's and Defendant Sargeant's conduct to individuals in Defendant Superior's management, including but not limited to, President Jeff Fox and Kevin McCreary.

26. Following Plaintiff's complaints to management, they acknowledged what was going on by calling Defendant Greer a pig to Plaintiff but no discplinary actions were ever taken against Defendant Greer or Defendant Seargent.

27. That a hostile work environment was created by the Defendants and other unnamed persons, when it became acceptable for others to make sexual and unwelcomed comments to the Plaintiff.

28. That the more the Plaintiff complained the more the relationship between Plaintiff and Jeff Fox broke down.

29. That the Defendant Jeff Fox threatened to kill the Plaintiff if told his children's mother, who he was having a relationship with, about their sexual relationship.

30. The Defendants engaged in a course of retaliatory conduct against Plaintiff, including filing criminal charges giving Plaintiff unfavorable work assignments and duties, harassing Plaintiff regarding the filing of her sex harassment complaints, and eventually terminated the Plaintiff as an employee.

31. The harassing conduct became so severe that Plaintiff, while being emotionally distraught and overcome by the behavior, sought medical attention.

## COUNT I
## SEXUAL HARASSMENT

32. Plaintiff reiterates, realleges, and incorporates herein by reference each and every allegation contained in paragraphs 1-31 inclusive.

33. The actions of Defendants constitute sexual harassment against Plaintiff, in violation of state and federal statute.

34. As a direct and proximate result of the Defendants' actions described herein, Plaintiff has suffered from a loss of income and benefits, severe emotional distress and mental anxiety, for all of which she should be compensated.

## COUNT II
## RETALIATION

35. Plaintiff reiterates, realleges, and incorporates herein by reference each and every allegation contained in paragraphs 1-34 inclusive.

36. Defendants intentionally, willfully, and wantonly retaliated against Plaintiff in response to her complaints of sexual harassment, in violation of (state and federal statute).

37. As a direct and proximate result of the Defendant's conduct described herein, Plaintiff has suffered from a loss of income and benefits, severe emotional distress and mental anxiety, for all of which she should be compensated.

## COUNT III
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiff reiterates, realleges, and incorporates herein by reference each and every allegation contained in paragraphs 1-37 inclusive.

39. Defendant Superior's harassment, discrimination and retaliatory actions directed against Plaintiff were intentional and inflicted upon Plaintiff severe mental and emotional distress.

40. Defendant Superior had knowledge of the actions described herein, and its sanctioning and involvement in the harassment, retaliatory actions, and hostile work environment directed against Plaintiff was intentional and inflicted upon Plaintiff severe mental and emotional distress.

41. In the alternative, Defendants' actions constituted negligent infliction of emotional distress, and Plaintiff has suffered as a result of Defendants' conduct.

42. As a direct and proximate result of the Defendant's action described herein, Plaintiff has suffered from a loss of income and benefits, severe emotional distress and mental anxiety, for all of which she should be compensated.

**WHEREFORE,** Plaintiff demands judgment against Defendants, Superior Roofing Services, Inc., Jeffrey Fox, Robert Greer and Richard Sargeant, as follows:

a. For all compensatory and punitive damages with respect to statutory and tort claims in an amount being just;
b. For an award of reasonable costs and attorneys fees; and
c. For any and all other equitable and legal relief to which Plaintiff appears entitled.

Respectfully Submitted,

Kaiser D. Lowe, #22452-45
Attorney for Plaintiff
8520 Allison Pointe Blvd. #220
Indianapolis, IN 46250
(317) 638-5291 phone
(317) 770-0716 fax

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:   Tracey Jaffri
10709 Hanover Ct.
Indianapolis, IN 46231

From:   Indianapolis District Office
101 West Ohio St
Suite 1900
Indianapolis, IN 46204

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2009-00589 | Alvin E. Hines, Enforcement Supervisor | (317) 226-5082 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Danny G. Harter,
Director

SEP 3 0 2008

*(Date Mailed)*

Enclosures(s)

cc:   Matthew L. Hinkle
COOTS HENKE & WHEELER, P.C.
255 E. Carmel Dr.
Carmel, IN  46032-2689

Kaiser Lowe
LOWE WEBSTER & LOWE
8520 Allison Pointe Blvd., Ste. 220
Indianapolis, IN  46250

"Exhibit A"